UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL STEPHEN COLLINS,<br><br>Defendant. | Case No. 21-cr-40067-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Daniel Stephen Collins ("Defendant" or "Collins") Motion for Judgment of Acquittal (Doc. 46). Plaintiff United States of America ("Government") responded (Doc. 47).

**I.      Procedural Background**

Defendant files this motion for judgment for acquittal under Fed. R. Crim. P. 29(c) following a two-day jury trial. On September 8, 2021, Defendant was indicted on two separate counts. Attempted Enticement of a Minor in violation of 18 U.S.C. § 2242(b) (Count 1) and Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 2).

This Court held a two-day jury trial. The Government presented its evidence, including testimony of FBI Specials Agent Kurt Bendoraitis and Brian Wainscott. Additionally, FBI Task Force Officer Stephen Jeschke testified. After the Government's case-in-chief the Defendant moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29(a), which the Court denied after hearing argument by both sides. The Defendant rested its case without presenting evidence. On June 29, 2022, a jury convicted Defendant on Attempted Enticement of a Minor and Distribution of Child Pornography.

Defendant now renews his motion pursuant to Rule 29(c).

## II.     Factual Background

On or about December 20, 2020, Defendant began communicating with an undercover FBI agent on Kik, which was a social media platform. The undercover agent was purporting to be the father of an 11-year-old female child. Defendant sent a direct message to the undercover agent asking "Hello, you're 11?" During Defendant's conversation with the undercover agent, Defendant solicited sex with the purported father, sent sexually explicit photographs, solicited information about the child through the father, and solicited child pornography through the father, and promised and purchased gifts for the child.

Defendant was corresponding with the undercover agent for many months. During these conversations, Defendant sent a two-minute video of a female child displaying and exposing her nude body.

Defendant eventually agreed to meet with the agent and his purported daughter. Defendant brought candy, lubrication, and money to a predetermined location in Energy, Illinois. Once Defendant arrived at the location, agents stopped him and interviewed him. Defendant was given a *Miranda* warning and later admitted he was communicating with the father for nearly a year. He also admitted to sending the pornography to the undercover agent.

## III.    Analysis

The issue on a motion under Rule 29(c) is the same as the issue on appeal: whether the evidence, taken in the light most favorable to the verdict, permits a sensible person to find beyond a reasonable doubt that the defendant committed the crime alleged. *United States v. Genova*, 333 F.3d 750, 757 (7th Cir. 2003). Rule 29(c) does not authorize the judge to play thirteenth juror. *See Charles Alan Wright*, 2A Federal Practice & Procedure § 467 (3d ed. 2000)

(collecting authority).

Defendant argues that no reasonable juror could have found Defendant guilty beyond a reasonable doubt based on the evidence he "lacked the requisite intent to commit each of the offenses." (Doc. 46 at 1). The Court will take each count in turn.

   a. **Attempted Enticement of a Minor**

The elements under §2422(b) are: (1) Using facilities of interstate commerce; (2) To knowingly persuade, induce, entice, or coerce; (3) Any person under 18; (4) To engage in any sexual activity for which any person can be charged with a criminal offense, or the attempt to do so. *United States v. Cochran*, 534 F.3d 631, 633 (7th Cir. 2008). To obtain a conviction under 18 U.S.C. §2422(b) the Government must show that the defendant acted with "(1) specific intent to commit the underlying crime, *mens rea*, and (2) undertook conduct which constitutes as "substantial step" toward the commission of the crime. The statute making it a crime to knowingly persuade, induce, entice, or coerce a minor extends to adult-adult communications designed to persuade a minor to commit forbidden acts. *United States v. McMillan*, 744 F.3d 1033 (7th Cir. 2014)

Defendant argues that the Government failed to show that Defendant had the specific intent to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity. The Court disagrees. The Defendant provided sufficient evidence, in light of most favorable to the guilty verdict, that defendant committed a crime of attempted enticement of a minor under §2422(b). Defendant was communicating with the undercover agent on his phone and using the internet. The evidence shows that he was using a facilities of interstate commerce. Additionally, it is clear from the conversation between Defendant and the undercover agent/purported father that Defendant knew the minor was 11-years old. (Defendant: Hello, you're 11? Bendoraitis: No

but my daughter is). Additionally, there were many references to the child's age throughout the conversations between the Defendant and undercover agent. Additionally, in Defendant's statement with the agents after his arrest, he admitted he knew the child was 11-years of age. Defendant: I said I was planning to do something that I shouldn't Wainscott: What was that? Defendant: Engage in sexual intercourse with a minor Wainscott: Okay. How old? Defendant: I believe its supposed to be 11).

 The Court believes there was sufficient evidence to find that Defendant knowingly persuaded, induce, entice, or coerce the minor to engage in sexual activity for which it would be a crime. Here, Defendant provided sufficient evidence that it was Defendant's intent to attain the minor's assent to sexual activity through her father. "The essence of this crime is the defendant's effect (or attempted effect) on the child's mind." *McMillan*, 744 F.3d at 1036. The Government provided sufficient evidence to show that Defendant attempted to gain assent to sexual activity through her purported father. Specifically, Defendant asked to see the minor, and indicated he was okay with the purported father showing the minor a picture of his penis. *McMillan*, 744 F.3d at 1037. ("The most damning is when McMillan emails 'Maybe she'd like to see a pic of my cock.' The jury may have understood this as McMillan's (misguided) effort to entice the girl directly with the picture.").

 Additionally, Defendant requested a substantial amount of information to determine what the child likes. For example, he requested a picture, called her a "cutie," and asked "[d]o you think she would let me fuck her?" Additionally, later Defendant asks the father what the purported minor is into sexually, and indicates that he will "bring lube." Providing all reasonable inferences in favor of the verdict, the Court believes there was sufficient evidence that Defendant intended to entice this child with sexual gratification.

Additionally, Defendant asks the purported father "is there anything she want to try, or not do." The purported father states the child has "never done anal." The Seventh Circuit Court of Appeals has held that such evidence demonstrates intent to persuade or entice because defendant "attempted to assuage [the mother's] concerns about his suitability as a sexual partner for [the minor]." *United States v. Hosler*, 966 F.3d 690, 693 (7th Cir. 2020). Lastly, Defendant purchased the child candy and cash to pay for sexual services. Defendant also admitted during this interview with agents that he "practically begged" to have sex with the child. Defendant has failed to show that any rational trier of fact could have found the essential elements beyond a reasonable doubt, and specifically the *mens rea* to commit the crime.

The Government also presented substantial evidence to show that the Defendant took a substantial step in commission of the crime. While travel is not a "sine qua non" of finding a substantial step in a 2422(b) case, a substantial step can also be established by making arrangements to meet the girl, agreeing on a time and place for the meeting, taking preparatory steps like hotel reservation, purchasing a gift, buying a bus or plane ticket. *United States v. Gladish*, 536 F.3d 646, 649 (7th Cir. 2008). This is not an exhaustive list. *Id*. A substantial step occurs when a person's actions make it reasonably clear that had he not been interrupted or made a mistake, he would have completed the crime. *United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011), Here, Defendant made substantial plans with the purported father to meet the child to have sex with her. He also took a picture of cash to pay the purported father and sent the picture to the undercover agent. He bought candy and lube to bring to the rendezvous location for the minor. Additionally, he traveled to the meeting point with the child but was met with agents instead of the father and child he thought he was meeting with. Here, the Government produced sufficient evidence that if he had not been interrupted by agents, he would have

completed the crime.

### b. Child Pornography

The Court finds that the Government established beyond a reasonable doubt that Defendant distributed an almost two-minute video of child pornography to Agent Bendoraitis.

In Count 2, Defendant was convicted of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). The elements of distribution of child pornography are:

> 1. The defendant knowingly distributed the material identified in the indictment;
>
> 2. The material identified in the indictment is child pornography; and
>
> 3. The defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and
>
> 4. The material identified in the indictment was mailed, shopped, or transported using a means or facility of interstate commerce, including by computer.

18 U.S.C. § 2252A. "Child Pornography" is a visual depiction, including a video, the production of which involves the use of minor engaging in sexually explicit conduct. 18 U.S.C. § 2256(8). "Sexually explicit conduct" includes the lascivious exhibition of the anus, genitals, or pubic area of any person. 18 U.S.C. § 2256(2)(A)(v). A lascivious exhibition "is one that draws attention to the genitals or pubic area of the subject 'in order to excite lustfulness or sexual stimulation in the viewer.'" *United States v. Russell*, 662 F.3d 831, 834 (7th Cir. 2011).

The Government's exhibit of the video that Defendant sent to the agent was clearly child pornography. Here, Agent Bendoraitis testified Defendant sent him the video via Kik platform. His testimony also established Kik is a platform that was transported via the internet. Additionally, Agent Bendoraitis testified the individual depicted in the video was clearly under the age of 18 years. Additionally, the conversation between Defendant and the purported father

demonstrated Defendant knew the material depicted a minor engaging in sexually explicit conduct. Defendant's description of the video was "I'm still coming over, but I still feel a little weary of it, like, I sent a whole video of a little girl stripping, and thus far I have not seen ass or puss."

The video was clearly lascivious exhibition of the genital area that fits the definition of lascivious exhibition above. Courts have repeatedly held that the question as to whether the image is "sexually suggestive" is "left to the factfinder to resolve, on the facts of each case, applying common sense." *United States v. Russell*, 662 F.3d 831, 834 (7th Cir. 2011). Here, the jury found that the image was child pornography and the Court must view the evidence in favor of the guilty verdict. Additionally, even Defendant described the video as sexually suggestive to indicate his frustration that he sent a video of a "little girl stripping" and hadn't received anything from the purported father.

The Court finds that the Government presented ample evidence from which a jury could find Defendant guilty beyond a reasonable doubt on both Counts I and II.

IV.   **Conclusion**

For the reasons stated above, the Court hereby:

- **FINDS AS MOOT** Defendant's Motion for Judgment of Acquittal (Doc. 43);

- **DENIES** Defendant's Amended Motion for Judgment for Acquittal (Doc. 46).

**IT IS SO ORDERED.**
**DATED:  September 8, 2022**

                                               /s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **U.S. DISTRICT JUDGE**